

341 W Secretariat Drive
Tempe, Arizona 85284
Telephone (480) 248-9010
Arizona Bar No. 006917
E-mail: telittler@gmail.com

*Attorney for Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| In re: | Case No. 2:21-bk-05347-BKM |
|---|---|
| GENTREE, LLC, | Chapter 11 |
| Debtor. | |

**MOTION OF THE DEBTORS FOR AN ORDER
(I) APPROVING THE REAL ESTATE PURCHASE AGREEMENT;
(II) AUTHORIZING THE SALE OF THE REAL PROPERTY AND PERSONAL PROPERTY SUBJECT THERETO FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS;
(III) AUTHORIZING THE SALE OF THE LIQUOR LICENSE BY A SUBSIDIARY FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTEREST;
(IV) APPROVE SALE TO THE BACK-UP PURCHASER
AND
(V) GRANTING OTHER RELATED RELIEF**

Gentree, LLC ("**Gentree**" or "**Debtor**") the debtor and debtor in possession in the above-captioned bankruptcy case (the "**Bankruptcy Case**"), respectfully requests the Court enter an order in substantially the form as attached hereto as Exhibit A (the "**Sale Order**"): (a) approving the Real Estate Purchase Agreement and the Bill of Sale between the Debtor and Walton Global Holdings, LLC (or its assignee) ("**Walton**") attached hereto as Exhibits B and C (collectively, the "**Purchase Agreement**"); (b) authorizing the sale of the real property ("**Real Estate Property**") and personal property subject thereto,

**Littler PC**
**Thomas E Littler Esq.**
*Attorney and Counselor*
341 W Secretariat Dr
Tempe AZ 85284
(480) 248-9010

including certain rights in a condemnation proceeding ("**Personal Property**" and together with the Real Estate Property, the "**Resort Property**")) free and clear of all liens, claims, and interests to Walton; (c) authorizing the sale of the liquor license (the "**Liquor License**") owned by the Debtor's wholly-owned subsidiary free and clear of all liens, claims, and interests to Walton if any agreement is reached; (d) approving a sale to ALFA Cap LLC or its assignee as a back-up purchaser of the Real Estate Property (the "**Back-up Buyer**") pursuant to the terms of the contract attached hereto as Exhibit D[1], if Walton does not exercise the Option (defined below), subject to higher and better offers; and (e) granting other related relief. This motion ("**Sale Motion**") is brought pursuant to section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").

This Sale Motion is supported by the following memorandum of points and authorities, the attached exhibits, the *Declaration of Taylor Robinson* (the "**Robinson Declaration**") filed contemporaneously herewith, the Court's previous *Order Granting Debtor's Motion to Approve Use of Property Outside of the Ordinary Course of Business* (the "**Option Order**") [Docket No. 182], and the relevant record in this case.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. JURISDICTION, VENUE, AND STATUTORY AUTHORITY**

1. The Court has jurisdiction over the Sale Motion and the transactions contemplated herein pursuant to 28 U.S.C. § 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] If Walton does not exercise the Option and the Back-up Buyer is approved, the Order and the Purchase Agreement will be revised for the Back-up Buyer.

Littler PC
Thomas E Littler Esq.
*Attorney and Counselor*
341 W Secretariat Dr
Tempe AZ 85284
(480) 248-9010

2. This Sale Motion and the relief requested herein is supported by Sections 363(b), 363(f), 363(m), and 363(n) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014 and Local Rule 6004-1.

## II. BACKGROUND AND FACTS

3. On July 12, 2021 ("**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in the Case, and no official committee of unsecured creditors has been established. The Debtor is authorized to operate its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

### **The Real Estate Property and Creditors of Gentree**

4. The Debtor owns and operates the Smoketree Resort located at 7101 E. Lincoln Dr., Scottsdale, Arizona (i.e., the Real Estate Property), as well as associated personal property located on premises, and certain rights in a Condemnation Proceeding defined below (i.e., the Personal Property). The Real Estate Property and the Personal Property are referred to as the Resort Property (Robinson Declaration).

5. The Debtor is currently one of the defendants in a condemnation proceeding involving a portion of the Real Estate Property, Case No. CV2019-015736, Superior Court of Arizona, Maricopa County (the "**Condemnation Proceeding**")(Robinson Declaration).

6. There are only a handful of creditors in this Bankruptcy Case (Robinson Declaration).

7. Smoke Tree Resort, LLC ("**Smoke Tree**") is the senior secured lender with a senior lien against the Resort Property. As of the Petition Date, Smoke Tree was owed $10,682,966.95 plus accrued and accruing interest, costs and attorneys' fees as provided in its loan and security documents through the closing date. (the "**Secured Smoke Tree Claim**") (Robinson Declaration).

Littler PC
Thomas E Littler Esq.
*Attorney and Counselor*
341 W Secretariat Dr
Tempe AZ 85284
(480) 248-9010

8. There are tax liens in favor of Maricopa County for 2020 and 2021 real property taxes, which are secured by the Real Estate Property in the amount of approximately $143,775.01 (the "**Secured Tax Claims**") (Robinson Declaration)

9. There are approximately three (3) non-insider creditors asserting general unsecured claims in this Bankruptcy Case: Beus Gilbert McGroder PLLC; Coe & Van Loo Consultants, Inc.; and Peterson Architecture, LLC. The aggregate amount of their general unsecured claims, some of which may be subject to an objection, is in the range of $118.337 to $386,827.20(collectively, the "**General Unsecured Claims**") (Robinson Declaration).

10. In addition, the Debtor has an obligation to Thunderbird Orion, Ray Holdings, LLC arising out of Reimbursement Rights pursuant to the Declaration of Reciprocal Easements, Covenants, Conditions and Restrictions dated April 1, 2020 and recorded at Document No. 2020-0283887, Official Records of Maricopa County Arizona ("Reimbursement Rights") in the amount of $42,905.25

11. 7101 Holdings, LLC ("**7101 Holdings**") asserts an approximately $3,110,053.12 general unsecured claim against the Debtor, which constitutes an insider claim (the "**7101 Holdings Claim**") (Robinson Declaration).

12. The Debtor has incurred certain administrative claims in connection with its administration of the Bankruptcy Case. As of the date of this Sale Motion, those claims total approximately $135,406.73 (the "**Administrative Claims**") (Robinson Declaration).

13. As further described below, the proceeds from the Purchase Agreement will pay in full the Secured Smoke Tree Claim, the payment to Thunderbird Orion, and the Secured Tax Claims. The proceeds of the Purchase Agreement will be paid from escrow directly to Smoke Tree, Thunderbird Orion, and Maricopa County in full satisfaction of their respective secured claims (Robinson Declaration) without further order of the Court.

14. Following the transaction contemplated by this Sale Motion, the remaining proceeds from the sale of assets shall be deposited with the Debtor in a segregated Debtor-in-Possession account, subject to further order of this Court, to satisfy in full the Allowed

Littler PC
Thomas E Littler Esq.
*Attorney and Counselor*
341 W Secretariat Dr
Tempe AZ 85284
(480) 248-9010

4

General Unsecured Claims. The only claim that will not be satisfied in full will be the 7101 Holdings Claim (Robinson Declaration).

**The Walton's Exclusive Option To Purchase The Resort Property**

15. Gentree entered into an *Option Agreement for the Purchase of Real Property* ("**Original Option Agreement**") with Walton, which granted Walton an exclusive option (the "**Option**") to purchase the Resort Property (Robinson Declaration).

16. The Debtor filed a *Motion to Approve Use of Property Outside of the Ordinary Course and Use of Funds* ("**Motion to Approve**") on February 4, 2022 seeking this Court's approval of the Original Option Agreement (Docket No. 157). Smoke Tree filed an *Objection to the Motion to Approve Use of Property Outside of the Ordinary Course and Use of Funds* on March 7, 2022 (Docket No. 177), and counsel to the Office of the United States Trustee informally expressed concerns with the Motion to Approve (collectively, the "**Objections**") (Robinson Declaration).

17. The Debtor, Walton, Smoke Tree, and counsel to the US Trustee resolved the Objections, and the Debtor and Smoke tree entered into the *Stipulation Resolving Smoke Tree Resort, LLC's Objection to Motion to Approve Use of Property Outside of the Ordinary Course and Use of Funds* ("**Stipulation**") (Docket No. 178). The Stipulation provided, among other provisions, that Smoke Tree will be paid in full its Smoke Tree Secured Claim at the closing of a sale of the Resort Property directly from the title company out of escrow, and that any motion approving the sale of the Resort Property to Walton in accordance with the Original Option Agreement shall also seek higher and better offers in the event that Walton does not exercise its Option (Robinson Declaration).

18. The Court held a duly-noticed hearing on March 10, 2022 regarding the Motion to Approve and the Objections. At that hearing, the Debtor, Walton, Smoke Tree, and counsel to the US Trustee, represented to the Court that the parties had resolved the Objections through revisions to the Original Option Agreement and through the Stipulation (Robinson Declaration).

Littler PC
Thomas E Littler Esq.
*Attorney and Counselor*
341 W Secretariat Dr
Tempe AZ 85284
(480) 248-9010

5

19. Accordingly, on March 11, 2022, the Court entered the Option Order approving the Original Option Agreement as revised (hereafter referred to as the "**Option Agreement**"). A copy of the Option Order which includes the Option Agreement is attached hereto as Exhibit E, and incorporated into this Sale Motion.

20. Section 3(a) of the Option Agreement provides that the purchase price of the Resort Property shall not exceed $14,000,000 (Exhibit E).

21. On April 29, 2022, Walton timely served notice on the Debtor that Walton exercised its right to the one-time 30-day extension to exercise the Option, and timely paid for such extension in the amount of $100,000 (Robinson Declaration).

22. Walton has timely made all payments under the Option Agreement to preserve its right to exercise the Option as extended (Robinson Declaration).

23. Accordingly, the date by which Walton must exercise its Option to purchase the Real Estate Property is on or before May 31, 2022 under Section 4(b) of the Option Agreement. A final sale of the Resort Property must occur on or before June 30, 2022 under Section 5 of the Option Agreement (Robinson Declaration; Exhibit E).

24. Walton has been performing its due diligence as contemplated under the Option Agreement (Robinson Declaration).

25. Section 5 of the Option Agreement provides that the Debtor and the Purchaser would execute a purchase agreement within five (5) days of the Purchaser's exercise of the Option (Robinson Declaration; Exhibit E).

26. Soon after the Court's entry of the Option Order to ensure that all obligations under the Option Agreement would be timely met, and to ensure adequate time for entry of the attached Sale Order approving this Sale Motion that is not subject to any stay (one of the conditions to closing as described below), the Debtor and Walton began negotiating the terms of the Purchase Agreement attached hereto (Robinson Declaration).

Littler PC
Thomas E Littler Esq.
*Attorney and Counselor*
341 W Secretariat Dr
Tempe AZ 85284
(480) 248-9010

27. The Debtor and Walton negotiated the final terms of the Purchase Agreement shortly before the filing of this Sale Motion (Robinson Declaration).[2]

28. The Debtor expects that Walton will exercise the Option and perform under the terms of the attached Purchase Agreement. Accordingly, to ensure that all conditions precedent to closing the sale under the Option Agreement and Purchase Agreement would be timely met without the filing of emergency motion(s), the Debtor, in consultation with Walton and Smoke Tree, determined to file this Sale Motion prior to Walton's official exercise of the Option (Robinson Declaration).

**The Purchase Agreement with Walton**

29. A copy of the Purchase Agreement with Walton is attached hereto as Exhibit B, and incorporated herein. The salient terms of the Purchase Agreement for the purchase of the Resort Property include the following:[3]

    a. <u>Purchase Price</u>: Fourteen million dollars ($14,000,000).[4] Purchase Agreement, Section 3.1.

    b. <u>Resort Property</u>: The property to be purchased under the Purchase Agreement comprises the Real Estate Property, associated personal property as described in the Purchase Agreement, and the proceeds of the Condemnation Proceeding (all referred to as the Resort Property). Purchase Agreement, Section 2.

    c. <u>Effective Date</u>: The date Walton exercises the Option under the Option Agreement. Purchase Agreement, Section 1.

    d. <u>The Option Earnest Money</u>: Prior to the Effective Date Walton has deposited Earnest Money (as such term is defined in the Option Agreement) in the

---

[2] The Bill of Sale for the personal property portion of the Real Estate Property will be in a simple form. The Debtor will supplement this Sale Motion with such Bill of Sale as Exhibit C if not already attached.

[3] All descriptions in this Sale Motion of the Purchase Agreement and the Option Agreement are for summary purposes only. The pertinent documents control to the extent there is any conflict between their descriptions in this Sale Motion and the documents themselves.

[4] Due to the amount of the Smoke Tree Secured Claim, and the terms of the purchase price under the Option Agreement, the Purchase Price under the Purchase Agreement met the $14,000,000 cap.

Littler PC
Thomas E Littler Esq.
*Attorney and Counselor*
341 W Secretariat Dr
Tempe AZ 85284
(480) 248-9010

1 aggregate amount of four-hundred thousand and No/100 Dollars ($400,000.00) (the
2 "**Option Earnest Money**") with the title company. Purchase Agreement, Section 3.2.

3       e. <u>The Deposit</u>: Within three (3) business days after the Effective Date,
4 Walton shall deliver to the title company a deposit in the amount of Seven Hundred
5 Thousand and No/100 Dollars ($700,000.00) (the "**Deposit**") in immediately available
6 funds. The Deposit and Option Earnest Money in the aggregate amount of $1,100,000 shall
7 be applied toward the Purchase Price at Closing or applied as provided for in the Option
8 Agreement if Walton fails to close. Purchase Agreement, Section 3.3.

9       f. <u>The Closing</u>: The Closing shall take place no later than thirty (30) days
10 after the Effective Date. Purchase Agreement, Section 10.1.

11       g. <u>Payment of Purchase Price</u>: The Purchase Price, less the Option Earnest
12 Money and the Deposit shall be payable in full in immediately available funds at the
13 Closing. Purchase Agreement, Section 3.1.

14       h. <u>Representations and Warranties</u>: The Purchase Agreement contains
15 standard representations and warranties of Debtor Walton, which are set forth in Section 6
16 of the Purchase Agreement.

17       i. <u>Brokers</u>: The Debtor has not been represented by any brokers. Walton has
18 been represented by a broker, and such broker will be paid by Walton under a separate
19 agreement. Purchase Agreement, Section 7.

20       j. <u>Bankruptcy Matters</u>: The Debtor agrees to diligently pursue the Court's
21 approval of the Purchase Agreement and entry of the Sale Order attached hereto. The Sale
22 Order shall be in form acceptable Walton in its sole and absolute discretion. Walton agrees
23 that it will promptly take such actions as are reasonably necessary in its reasonable
24 discretion to assist in obtaining the Court's approval of the Purchase Agreement and final
25 entry of the Sale Order. Purchase Agreement, Section 9.5.

26       k. <u>Deliverables at Closing</u>: The Debtor's deliverables at Closing are listed
27 in Section 10.2. Walton's deliverables at Closing are listed in Section 10.3.

28

**Littler PC**
**Thomas E Littler Esq.**
*Attorney and Counselor*
341 W Secretariat Dr
Tempe AZ 85284
(480) 248-9010

l. <u>Conditions Precedent to Closing</u>: The Debtor's and Walton's Closing conditions are set forth in Section 14 of the Purchase Agreement. Among such conditions includes that the Court shall have approved the Purchase Agreement under the terms of the attached Sale Order, and that such Sale Order shall be final and not subject to any stay.

m. <u>Sale Order</u>: The Court's approval of the Purchase Agreement shall be reflected in the attached Sale Order, and shall include the Court's finding that Walton is entitled to the protections of § 363(m) of the Bankruptcy Code and that the sale to Walton is free and clear of all liens, claims, interests, and encumbrances in accordance with § 363 of the Bankruptcy Code.

30. If Walton exercises its exclusive Option under the Option Agreement, then the parties will proceed to close the transactions contemplated under the Purchase Agreement to Walton. In this scenario, the Resort Property subject of the Purchase Agreement (and the Liquor License, described below, if an agreement is reached) **will not** be subject to higher or better offers, including, without limitation the Back-up Contract defined and described below (Robinson Declaration).

**<u>The Liquor License</u>**

31. The Debtor is the sole manager and sole member of Gentree F&B, LLC ("**F&B**"). F&B was formed on April 17, 2019 to hold the series 6 liquor license for food and beverage operation associated with the Real Estate Property (the "**Liquor License**"). F&B has no operations and no creditors (Robinson Declaration).

32. As provided in the Purchase Agreement with Walton, the Debtor and Walton agreed that the Liquor License would be subject of a separate agreement between the Debtor and Walton. Purchase Agreement, Section 2.

33. The Debtor, acting on behalf of F&B, and Walton are negotiating the separate purchase agreement to transfer the Liquor License to Walton. If Walton exercises the Option, then the Liquor License will be transferred to Walton free and clear of all liens, claims, and interests pursuant to the terms of that separate agreement. While no agreement has yet been reached regarding the purchase price for the Liquor License, the Debtor and

Littler PC
Thomas E Littler Esq.
*Attorney and Counselor*
341 W Secretariat Dr
Tempe AZ 85284
(480) 248-9010

9

Walton anticipate an agreed-to price before the hearing on this Sale Motion (Robinson Declaration).

34. This Sale Motion, therefore, likewise seeks approval of the exclusive sale of the Liquor License to Walton free and clear of all liens, claims, and interests if an agreement is reached. The Debtor will supplement this Sale Motion with the terms of the Liquor License purchase and agreement(s) related thereto (Robinson Declaration).[5]

**The Back-Up Buyer**

35. As described above, Walton has the exclusive Option to purchase the Resort Property and the Liquor License if and when Walton exercises the Option. Notwithstanding, in the event that does not occur, this Sale Motion seeks to approve the sale of the Real Estate Property and the Liquor License to a Back-Up Buyer, if and only if, Walton does not exercise its Option (Robinson Declaration).

36. The Debtor negotiated at arms-length and negotiated a contract with the Back-up Buyer for the purchase of the Resort Property and is expected to negotiate a contract to sell the Liquor License (the "**Back-up Contract**"). A copy of the Back-up Contract is attached hereto as Exhibit D, and incorporated herein. The Back-up Contract provides for a purchase price of $15,000,000 with $1,000,000 paid in earnest money "at Escrow" with the balance paid in cash at the close of escrow (Robinson Declaration).

37. The Back-up Contract (but not the Purchase Agreement with Walton) may be subject to higher and better offers to the extent any are received (Robinson Declaration)

**Good Faith; Business Judgment; Miscellaneous**

38. The Debtor has not actively marketed its real and personal property for sale. However, the Debtor's management has talked to several groups, twelve or more over the years, who expressed an interest in buying the Debtor's assets or made unsolicited offers.

---

[5] Technically, this Court's approval of the Liquor License is not required given that the Debtor is the 100% owner of F&B (a non-debtor), which owns the Liquor License.

Littler PC
Thomas E Littler Esq.
*Attorney and Counselor*
341 W Secretariat Dr
Tempe AZ 85284
(480) 248-9010

Indeed, the Debtor has been in discussions with Walton for several months regarding a potential purchase of the Debtor's assets (Robinson Declaration).

39. The Debtor, in its management's business judgment, believes that the relief requested herein is in the best interest of the Debtor, its estate, and its creditors. The business reasons include, but are not limited to, the facts that Purchase Agreement constitutes the highest and best offer for the Resort Property, and that the Back-up Contract is the second highest and best offer. Furthermore, the Debtor's continued ownership of its assets and corresponding costs will continue to deplete the Debtor's resources. The Purchase Agreement with Walton or the Back-up Contract (if the Option is not exercised by Walton) present the best opportunity for the Debtor to realize the value of its assets (Robinson Declaration).

40. The Purchase Agreement, the Back-up Contract and the transactions contemplated thereby have been negotiated by the Debtor on the one hand, and Walton or the Back-up Buyer on the other (as applicable), and their respective representatives, in good faith, at arm's length and without collusion or fraud. The terms and conditions of the Purchase Agreement and the Back-up Contract, including the total consideration to be realized by the Debtor, are fair and reasonable, and the transactions contemplated under them and by this Sale Motion are in the best interest of the Debtor, its creditors and its estate (Robinson Declaration).

41. For the same reasons set forth above the offers by Walton and the Back-up Buyer for the Liquor License and sale thereof is an appropriate exercise of the Debtor's, on behalf of F&B, business judgment.

42. The Debtor has full corporate power and authority to execute the Purchase Agreement and the Back-up Contract, and all other documents contemplated thereby, and the Debtor's sale of its assets contemplated herein has been or will be duly and validly authorized by all necessary corporate action. The Debtor has all of the corporate power and authority necessary to consummate the transactions contemplated herein, the Debtor has taken or will take, upon Court approval of this Sale Motion, all corporate action necessary

Littler PC
Thomas E Littler Esq.
*Attorney and Counselor*
341 W Secretariat Dr
Tempe AZ 85284
(480) 248-9010

11

1  to authorize and approve the transactions in accordance with the Purchase Agreement and
2  Back-up Contract (as applicable), the consummation of the transactions contemplated
3  thereby, and no consents or approvals, other than those expressly provided for in the
4  Purchase Agreement and Back-up Contract (as applicable), are required for the Debtor to
5  consummate such transactions  (Robinson Declaration).

6  43.     The total consideration provided by Walton (as applicable) for the assets is the highest or otherwise best offer received by the Debtor, and the Back-up Contract is the second highest. No higher or better offer for the Debtor's assets was received other than the highest and best offer received by Walton in accordance with the Option Order and the Purchase Agreement, and the second highest and second best offer from the Back-up Buyer under the Back-up Contract. The consideration contemplated to be received by the Debtor (a) is fair and reasonable, (b) is the highest or otherwise best offer for the assets, and (c) constitutes reasonably equivalent value and fair consideration for purposes of the Uniform Fraudulent Transfer Act as adopted by the State of Arizona, and, as applicable, the Uniform Voidable Transactions Act (formally the Uniform Fraudulent Transfer Act), Uniform Fraudulent Conveyance Act, Section 548 of the Bankruptcy Code, and under the laws of the United States, any state, territory, possession or the District of Columbia.  No other person or entity or group of entities has offered to purchase the Debtor's assets for greater economic value to the Debtor's estate than Walton and the Back-up Buyer.  Approval of the Sale Motion, the Purchase Agreement (or Back-up Contract, if applicable), and the consummation of the transactions contemplated thereby is in the best interests of the Debtor, its estate, its creditors and other parties in interest  (Robinson Declaration)

44.     Time is of the essence in consummating the transactions contemplated in this Sale Motion.  In order to maximize the value of the Debtor's assets, it is essential that the sale of those assets occur within the time constraints set forth in the Purchase Agreement with Walton (closing within 30 days of the Effective Date, which may be June 30, 2022). Specifically, the transactions must be approved and consummated promptly in order to maximize the value to the Debtor, its estate, its creditors and all other parties in interest.

Littler PC
Thomas E Littler Esq.
*Attorney and Counselor*
341 W Secretariat Dr
Tempe AZ 85284
(480) 248-9010

12

Accordingly, there is cause to waive the stay contemplated by Bankruptcy Rule 6004 (Robinson Declaration).

### III. RELIEF REQUESTED

45. The Debtor respectfully requests the Court enter the Sale Order in substantially the form as attached hereto as Exhibit A (a) approving the Purchase Agreement to Walton (b) authorizing the exclusive sale of the Resort Property under the Purchase Agreement free and clear of all liens, claims, and interests if Walton exercises the Option; (c) authorizing the exclusive sale of the Liquor License to Walton free and clear of all liens, claims, and interests if Walton exercises the Option and an agreement is reached to sell it; (d) if applicable, approving the sale to the Back-up Buyer under the Back-up Contract if Walton does not exercise the Option, subject to higher and better offers, and (e) granting other related relief.

### IV. LEGAL ANALYSIS

46. Section 363(b)(1), provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). Section 363(f) of the Bankruptcy Code permits a debtor to sell assets free and clear of liens, claims, and encumbrances with any such encumbrances attaching to the net proceeds of the sale. Section 363(f) provides that a debtor "may sell property . . . free and clear of any interest in such property of an entity other than the estate, only if:"

> (a) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>
> (b) such entity consents;
>
> (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (d) such interest is in bona fide dispute;
>
> (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Littler PC
Thomas E Littler Esq.
*Attorney and Counselor*
341 W Secretariat Dr
Tempe AZ 85284
(480) 248-9010

11 U.S.C. § 363(t).

47. The Debtor is unaware of any liens on the property other than those described above. The claims secured by such liens shall be paid in full as contemplated by this Sale Motion without further order of the Court. In addition, the Debtor and Walton have consulted with the Smoke Tree regarding the relief requested in this Motion. It is the Debtor's understanding that Smoke Tree approves of the relief requested herein. Accordingly, the Debtor requests that the Court approve the sale of the Resort Property and the Liquor License to Walton (or, if applicable, the Back-up Buyer) free and clear of all liens, claims, interests, and encumbrances (Robinson Declaration).

48. Section 363(b) generally permits a debtor to sell property of the estate outside of the ordinary course of its business where the proposed sale is a sound exercise of the debtor's business judgment and if the sale is proposed in good faith *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2nd Cir. 1983); *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653, 659 (B.A.P 9th Cir. 1996).

49. Although Bankruptcy Code § 363 does not set forth a standard for determining when it is appropriate for a Court to authorize the sale or disposition of a debtor's assets, Courts have uniformly held that approval of a proposed sale of property under Bankruptcy Code § 363(b) is appropriate if the transaction is supported by the reasonable business judgment of the Debtor. *See Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063 (2d Cir. 1983); *see also In re Delaware & Hudson Ry. Co.,* 124 B.R. 169, 176 (D. Del. 1991) (holding that a court must be satisfied that there is a "sound business reason" justifying the pre-confirmation sale of assets); *In re Abbotts Dairies Pennsylvania, Inc.,* 788 F.2d 143 (3d Cir. 1986); *Stephens Indus. v. McClung*, 789 F.2d 386, 389-90 (6th Cir. 1986).

50. In the Debtor's business judgment, the purchase price offered by Walton under the Purchase Agreement and by the Back-up Buyer under the Back-up Contract (if applicable) is fair and provides reasonably equivalent value to the Debtor's estate. The

Littler PC
Thomas E Littler Esq.
*Attorney and Counselor*
341 W Secretariat Dr
Tempe AZ 85284
(480) 248-9010

14

consideration for the Liquor License is fair and will provide reasonably equivalent value to F&B, and ultimately, to the Debtor's estate. Moreover, the Debtor has determined that the relief requested in this Sale Motion is in the best interests of the Debtor's creditors and estate (Robinson Declaration).

51. As described above, the relief requested in this Sale Motion will satisfy secured creditors in full. Moreover, with the exception of the 7101 Holdings Claim, all creditors of the estate will be satisfied in full through the relief requested in this Sale Motion, including the holders of General Unsecured Claims and Administrative Claims (Robinson Declaration).

52. 7101 Holdings has approved the relief requested in this Sale Motion on behalf of itself as the holder of the 7101 Holdings Claim, and as the owner of the Debtor (Robinson Declaration).

53. Interested parties will receive adequate notice of this Sale Motion. The proposed notice of this Sale Motion is reasonably calculated to provide timely and adequate notice to the Debtor's creditor constituency, those persons most interested in these cases. Moreover, as required under Local Rule 6004-1(c), the notice for this Sale Motion and the Sale Motion will be served on those specified in Bankruptcy Rule 6004, potential buyers and/or their brokers, the title company where escrow has been opened, and any parties asserting liens, claims or interests in the property and their counsel. Immediately after service and before hearing, the Debtor will file a certificate of service.

**IV CONCLUSION**

Based on the foregoing, the Debtor respectfully requests that the Court enter the Sale Order granting the relief requested in this Sale Motion.

| Respectfully submitted this 10th day of May, 2022. | **THOMAS E. LITTLER, ESQ.** <br> By: : */s/ Thomas E Littler* <br> Thomas E. Littler <br> 341 W Secretariat Drive <br> Tempe, Arizona 85284 <br> ***Attorney for Debtor*** |
|---|---|

Littler PC
Thomas E Littler Esq.
*Attorney and Counselor*
341 W Secretariat Dr
Tempe AZ 85284
(480) 248-9010

15

# CERTIFICATE OF SERVICE

This is to certify that the foregoing document was E-filed in the U.S. Bankruptcy Court on behalf of Debtor on May 10, 2022 and copies served via ECF Notice the same day upon the persons registered with PACER to receive electronic notice and by United States Mail, First Class and/or by direct e-mail to the persons at the email addresses listed below, if any. I did not receive prior to this filing any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that the foregoing is true and correct.

: _/s/ Thomas E Littler_
Attorney for Debtor in Possession

| | |
|---|---|
| Patty Chan<br>Office of the U.S. Trustee<br>230 North First Ave., #204<br>Phoenix, AZ 85003-1706<br>Patty.Chan@usdoj.gov | Sean P. O'Brien<br>Robert C. Williams<br>Gust Rosenfeld P.L.C.<br>One E. Washington St., Suite 1600<br>Phoenix, AZ 85004-2553<br>spobrien@gustlaw.com<br>rwilliams@gustlaw.com |
| Peter Muthig<br>Maricopa County Attorney's Office<br>Civil Services Division<br>225 W. Madison Street<br>Phoenix, Arizona 85003<br>muthigk@mcao.maricopa.gov | Todd S. Kartchner, Esq.<br>Fennemore Craig, P.C.<br>2394 E. Camelback Rd., Suite 600<br>Phoenix, AZ 85016<br>tkartchner@fennemorelaw.com<br>*Attorneys for Party-in-Interest Town of Paradise Valley* |
| Jeffrey M. Proper, Esq.<br>Jeffrey M. Proper, PLLC<br>10645 N. Tatum Blvd., Suite 200-652<br>Phoenix, AZ 85028<br>jeff@jproper.com<br>*Attorneys for Party-in-Interest Town of Paradise Valley* | Kelly E. Singer, Esq. (via email only)<br>Squire Patton Boggs, LLP<br>1 E. Washington St., Suite 2700<br>Phoenix, Arizona 85003<br>kelly.singer@squirepb.com<br>*Attorneys for Walton Global Holdings, LLC* |
| Angela Dodd<br>dodda@sec.gov<br>Timothy S. Leiman<br>leimant@sec.gov<br>Jake Schmidt<br>schmidtj@sec.gov<br>U.S. Securities & Exchange Commission<br>175 W. Jackson Blvd., Suite 1450<br>Chicago, IL 60604 | |

Littler PC
Thomas E Littler Esq.
*Attorney and Counselor*
341 W Secretariat Dr
Tempe AZ 85284
(480) 248-9010