Kelly Singer, Esq. (022024)
SQUIRE PATTON BOGGS (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, Arizona 85016
(602) 528-4000
kelly.singer@squirepb.com
Attorney for Walton Global Holdings, LLC

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>GENTREE, LLC,<br><br>      Debtor. | In Proceedings Under Chapter 11<br><br>Case No. 2:21-bk-05347-BKM<br><br>**MOTION FOR ACCELERATED HEARING REGARDING FORM OF SALE ORDER AND SALE** |

   Walton Global Holdings, LLC ("**Walton**"), the Court-approved purchaser of the above-captioned debtor's assets (the "**Debtor**"), files this Motion for an accelerated hearing concerning the sale order to govern such purchase. In support of this Motion, Walton states the following:

   1. In accordance with Local Rule 9013-1(h), the applicable contact information for the opposing parties are set forth at the end of this Motion. The facts showing the existence and nature of the claimed emergency are set forth immediately below. The date by which a hearing is needed is no later than Wednesday, June 15, 2022, and the reasoning is set forth below. Counsel for the Debtor is out of town, and therefore, Walton requests that the accelerated hearing be telephonic and/or Zoom. Undersigned counsel notified the opposing parties on June 12, 2022 by email and text message that Walton would request an accelerated hearing, and had further correspondence separately with such parties regarding the subject matter of this Motion on June

12 and the morning of June 13. Undersigned counsel will e-mail, call, and text the opposing parties as soon as this Motion is filed and e-mail them a copy of this Motion.

2. At a sale hearing on June 7, 2022 (the "**Sale Hearing**"), the Court approved the sale of certain assets owned by the Debtor to Walton, including the real property owned by the Debtor. Prior to the Sale Hearing, counsel for Walton provided the Court with a revised sale order blacklined against the order originally filed and noticed with the sale motion.

3. At the Sale Hearing, the Debtor represented to the Court that one paragraph of the blacklined order was being further revised. The Debtor indicated that the revisions concerned the amount Smoke Tree Resort, LLC (the "**Lender**") should receive directly from escrow on closing of the sale.

4. The Debtor and the Lender, however, have not been able to agree on language for that one paragraph. Walton understands that the Debtor and the Lender dispute one aspect of the interest calculation of the Lender's claim. The dispute has nothing to do with the underlying sale. Walton has no position in the dispute, except that the dispute should not further delay the entry of a sale order and ultimate closing.

5. Walton has not been able to resolve the dispute over the language in the sale order after multiple discussions with both Gentree and the Lender. On June 12, 2022, undersigned counsel presented a revised form of order that Walton submits preserves the Debtor's and the Lender's dispute and their respective rights (the "**Proposed Order**"). Attached as **<u>Exhibit A</u>** is that Proposed Order blacklined against the version provided to the Court before the Sale Hearing. The only changes occur in Paragraph 10 and new footnote 7, all located on Page 11 of the attached Proposed Order.

6. Walton proposes that the Proposed Order be entered by the Court as soon as possible and no later than Wednesday, June 15, 2022, so that Walton can comfortably close the sale prior to the June 30 deadline under the fully-executed purchase agreement (which is attached to the Proposed Order).

7. Walton submits that the Court's immediate involvement to resolve the form of sale order is necessary. June 30, 2022 is the date by which Walton must close the sale under the fully-executed purchase agreement. All forms of order submitted to the Court and filed with the sale motion, including the Proposed Order, contain a waiver of the 14-day stay. Notwithstanding, and although not required, Walton may prefer to wait for such appeal period to expire before closing the sale, meaning the sale order must be entered by the Court on or before June 13, 2022 (this Wednesday).

8. Walton believes that the Debtor does not object to the Proposed Order attached as Exhibit A, but is waiting on confirmation from the Debtor. Walton believes that the Lender does object to the Proposed Order and at a minimum requests that the Proposed Order contain an itemization of the undisputed amounts owed to the Lender that should be paid to Lender directly from escrow on closing.

9. As noted above, Walton does not take a position on the dispute between the Debtor and the Lender; Walton simply requests that the dispute not further delay entry of a sale order and ultimate closing.

10. Separate from the dispute between the Debtor and the Lender, Walton and the Debtor *may* have a dispute regarding one ancillary document referenced in the fully-executed purchase agreement.[1] If necessary, Walton may need to address such dispute with the Court at

---

[1] Walton is waiting on the Debtor's confirmation of minor changes to the "Assignment Agreement" referenced in the fully-executed purchase agreement. Walton sent the Debtor such minor changes last

the accelerated hearing in order to ensure conditions for closing are met, and therefore, attaches certain ancillary documents as **Exhibit B**.

WHEREFORE, Walton respectfully requests that the Court enter an order in the form attached as **Exhibit C** (and contemporaneously lodged with this Motion) setting an accelerated telephonic/Zoom hearing for June 14 or June 15, 2022.

DATED this 13th day of June, 2022.

SQUIRE PATTON BOGGS (US) LLP
Kelly Singer, Esq.

/s/ *Kelly Singer*
Attorney for Walton Global Holdings, LLC

Counsel for Debtor
Thomas Littler, Esq.
341 W Secretariat Drive
Tempe, Arizona 85284
Telephone (480) 248-9010
E-mail: telittler@gmail.com

Counsel for Lender
Sean O'Brien, Esq.
Gust Rosenfeld P.L.C.
One East Washington Street, Suite 1600
Phoenix, Arizona 85004
Telephone (602) 527-7460
E-mail: spobrien@gustlaw.com

---

Tuesday after the Sale Hearing. It is possible there is no dispute. To the extent ancillary document(s) are or become a dispute between Walton and the Debtor, Walton reserves all rights to seek attorneys' fees and costs against the Debtor to resolve the dispute.